**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JENNIFER MAYFIELD, INDIVIDUALLY §<br>AND AS NEXT FRIEND FOR KAILYN §<br>MAYFIELD, BAILEY MAYFIELD AND §<br>KENDALL MAYFIELD, AND AS §<br>REPRESENTATIVE OF THE ESTATE OF §<br>ANDREW MAYFIELD, DECEASED AND §<br>JACKLYN MAYFIELD. §<br>§<br>Plaintiffs, §<br>§<br>v. §<br>§<br>FIRST TRUCKING EXPRESS, INC., et al., §<br>§<br>Defendants. § | Case No. 2:13-CV-1060-JRG |

## ORDER

Before the Court is Defendants First Truck Express, Inc., Jose Pereira and Osvaldo Rodriguez's Motion for Final Summary Judgment (Dkt. No. 35, filed September 18, 2014.) Defendants' Motion asks the Court to grant summary judgment on all of Plaintiffs' claims "as the necessary components of Plaintiffs' causes of action do not exist." (Mot. at 1.)

Plaintiff offers a brief response, stating that Plaintiff has no testimony (expert or otherwise) to controvert the facts set forth by Defendants. Plaintiff explains that "Plaintiffs relied on the evidence provided by Coy Dorsey, who was an eyewitness to this incident made the basis of this lawsuit." (Resp. at 2.) According to Plaintiff, "Mr. Dorsey was interviewed early in the investigation of this case" and "[h]e advised that his observation and conclusions were that the fault of the accident was that of the Defendants and not Andrew Mayfield." (*Id.*) According to Plaintiff, when Mr. Dorsey was deposed on August 11, 2014, his testimony was "was contrary to the previous statements which Mr. Dorsey had provided to the Defendant." (*Id.*) Now, "[w]ithout the testimony of Mr. Coy Dorsey and in light of the expert opinions offered by the

Texas Department of Public Safety, Plaintiffs cannot offer any evidence to controvert the facts as set forth in Defendants' Motion for Final Summary Judgment." (*Id.*) "After reviewing the deposition testimonies of Mr. Coy Dorsey and Trooper Jimmie Benton of the Texas Department of Public Safety, Plaintiffs' liability expert advised that he could not offer any opinions to support the liability of Defendants for the accident made the basis of this case."

Defendants have provided evidence that there is no genuine question of material fact, and Plaintiff has stated that it has no evidence to controvert the facts as set forth by Defendants. The Court finds that there is no dispute as to the facts.

Defendants argue that they are entitled to summary judgment because the undisputed facts do not support essential elements (e.g. proximate cause) of Plaintiffs' legal claims. Plaintiffs' Response does not dispute any aspect of Defendants' Motion, including its analysis and conclusions. The Court therefore finds that Plaintiffs claims fail for the reasons set forth in Defendants' Motion.

The Court therefore **GRANTS** Defendants' Motion for Final Summary Judgment (Dkt. No. 35.) The moving Defendants are entitled to summary judgment on Plaintiffs' claims of negligence and gross negligence. The Court ORDERS that Plaintiffs take nothing from Defendants as a result of this action and that all costs are to be paid by Plaintiffs, including reimbursement of chargeable costs previously paid by Defendants.

**So ORDERED and SIGNED this 6th day of October, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE